# United States District Court
# Northern District of Indiana

| JASON WALDEN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Civil Action No. 3:13-CV-1223 JVB |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Jason Walden, a *pro se* prisoner, filed an amended petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 9.) In WCC #12-04-0194, a hearing officer found Walden guilty of engaging in sexual conduct. (DE 16-3 at 1.) The charge was initiated on April 7, 2012, when Officer T. Nash wrote a conduct report stating as follows:

> On the above date and approx. time Walden, Jason #170280 was involved in a sexual act with Inghels, Shane #988545. I ofc. Nash was doing my rounds down A4 North wing, as I walked the other offenders called out "movie on" (she's coming). As I approached the room Walden #170280 was sitting on top of Inghels #988545 they both had their boxers and pants down. Both offenders pulled their pant[s] and boxers up. I then order[ed] both offenders to give me their I.D.s. They began to tell me that they [were] exercising, horse playing and they also stated they always "do this". Before this sexual act took place I saw both offenders kissing on each other['s] bodies.

(DE 16-1 at 1.)

On April 12, 2012, Walden was charged with engaging in sexual conduct and given a copy of the conduct report. (DE 16-2 at 1-2.) He pled not guilty, declined the assistance of a lay advocate, and waived the 24-hour notice requirement. (DE 16-2 at 1.) He did not request any physical evidence, but requested witness statements from fellow inmates Jose Yanes, Joshua Carlisle, and David Payton. (*Id.*) Statements were obtained from all three witnesses prior to the hearing. (DE 16-3 at 2-4.) Carlisle stated that Walden and Inghels had been doing "reverse sit-

ups or Roman chairs," and that they were "sweaty from many sets of the workout as usual." (DE 16-3 at 2.) Yanes also stated that there was "no type of sexual activity going on between them, just a routine workout." (*Id.* at 4.) Payton reiterated that the two men were merely "working out," and claimed that Officer Nash was mistaken about what she saw. (*Id.*)

On April 23, 2012, a hearing was conducted on the charge. (DE 16-3 at 1.) Walden made the following statement in his defense: "The conduct report is wrong. We were wrestling, we tried to tell her we were horseplaying [and] working out." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) As a result he lost 20 days of earned time credits, among other sanctions. (*Id.*) His administrative appeals were denied. (DE 16-4; DE 16-5.)

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The petition is not a model of clarity, but Walden raises a number of claims that appear to be based on violations of internal prison policies. He asserts that Officer Nash engaged in "official misconduct" by failing to break the two inmates up as soon as she saw them kissing, apparently in violation of an internal "no tolerance" policy. He also complains that the hearing officer abused his discretion in imposing the sanction, and in failing to treat him the same as the

2

other inmate involved. However, even if he is correct that prison rules were violated, this would not entitle him to federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of Indiana Department of Correction policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law"). These claims are denied.

Walden also claims that his due process rights were violated because he was not given a copy of an incident report written by Sergeant C. Herr. (DE 9 at 2.) A prisoner has a limited right to witnesses and evidence consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Here, Walden signed the screening notice which reflected that he did not request any physical evidence. (DE 16-2 at 1.) He requested three witness statements, but these were obtained and considered by the hearing officer. (DE 16-3 at 1-4.) Walden cannot fault the hearing officer for failing to provide him with evidence he did not properly request. *See Piggie v.*

3

*McBride*, 277 F.3d 922, 925 (7th Cir. 2002). Furthermore, Walden has not explained (nor can the court discern) how the incident report had any exculpatory value. Instead the report merely provided a second-hand account of Officer Nash's eyewitness account, and stated that both inmates refused medical treatment after the incident. (DE 16-1 at 2.) Nothing in the report undercuts the evidence of Walden's guilt. To the extent the report had any exculpatory value, the hearing officer considered it in reaching his decision, which is all that Walden was entitled to under *Wolff*. *See White*, 266 F.3d at 768 (prisoner's rights were not violated when evidence he claimed was exculpatory was considered by the disciplinary board, even though he was not permitted to view this evidence himself).

In a related vein, Walden argues that he was denied witnesses. (DE 9 at 3.) The record belies this claim. As recounted above, Walden requested three witness statements at the time of screening, and these statements were obtained and considered by the hearing officer. (DE 16-3 at 1-4.) Walden's real complaint appears to be that the hearing officer did not *credit* these statements, but there is nothing in *Wolff* that required him to do so. It was the hearing officer's job to assess the relative credibility of the witnesses, and this court is not permitted to reweigh the evidence to make its own determination of guilt or innocence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Accordingly, these claims are denied.

Finally, Walden challenges the sufficiency of the evidence. (DE 9 at 2-4.) In reviewing a disciplinary sanction for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson*, 188 F.3d at 786. "[T]he relevant question is whether there

4

is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, the hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Upon review, there is sufficient evidence in the record to support the guilty finding. Officer Nash reported that as she was making her rounds, she saw Walden sitting on top of another inmate. Both inmates had their pants and underwear pulled down. Although Walden and his witnesses claimed the two were only exercising, the evidence does not have to point to only one logical conclusion to be constitutionally adequate. *See Hill*, 472 U.S. at 457. Rather, the question is whether there is some evidence to support the determination made by the hearing officer. Based on the record, the court cannot conclude that the hearing officer's decision was arbitrary or without evidentiary support. *See id.* (due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided some evidence to support disciplinary determination). Accordingly, this claim is denied.

For these reasons, the petition (DE 9) is **DENIED**.

**SO ORDERED** on August 18, 2014.

                                                   s/ Joseph S. Van Bokkelen
                                                   Joseph S. Van Bokkelen
                                                   United States District Judge
                                                   Hammond Division